IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:21-cv-20687-JLK

LEONARDO HERNANDEZ and
ANA PATRICIA HERNANDEZ,

    *Plaintiffs,*
vs.

SCOTTSDALE INSURANCE COMPANY,

    *Defendant.*
_____/

**PLAINTIFFS' AMENDED MOTION TO DETERMINE
AMOUNT OF ATTORNEY'S FEES AND COSTS**

Plaintiffs, LEONARDO HERNANDEZ and ANA PATRICIA HERNANDEZ, by and through undersigned counsel and pursuant to Fed. R. Civ. P. 54, S.D. Fla. L.R. 7.3, and Fla. Stat. §627.428, moves this Court for entry of an Order awarding reasonable attorney's fees and costs against Defendant, SCOTTSDALE INSURANCE COMPANY, and state:

**PROCEDURAL HISTORY**

Plaintiffs retained the undersigned counsel to initiate this action as a result of Defendant's breach of an insurance contract where the Defendant failed to indemnify Plaintiffs in full for damages caused to their home as a result of a plumbing failure. On January 11, 2021, Plaintiffs filed their Complaint for damages [D.E. 1-1] in the Circuit Court in and for Miami-Dade County, Florida, which was removed by Defendant to this District on February 18, 2021. [D.E. 1-1]. In this Complaint, Plaintiffs additionally demanded attorney's fees and costs pursuant to Fla. Stat. §627.428. On July 28, 2022, the parties settled Plaintiffs' indemnity claim at mediation. As part of the settlement agreement, Defendant stipulated to Plaintiffs' entitlement to reasonable

attorney's fees and costs. Plaintiffs now seek a determination of the attorney's fees and costs that they are entitled to recover against Defendant.

## PLAINTIFFS' ENTITLEMENT TO FEES

Florida law provides that where an insured prevails against his or her insurer, "the trial court…shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which recover is had. Fla. Stat. §627.428. The purpose "is to discourage insurance companies from contesting valid claims, and to reimburse insureds for their attorneys' fees incurred when they must enforce in court their contract with the insurance company." *Pepper's Steel & Alloys, Inc. v. U.S.,* 850 So.2d 462, 465 (Fla. 2003). The law functions to "penalize a carrier for wrongly causing its insured to resort to litigation to resolve a conflict." *Leaf v. State Farm Mut. Auto Ins. Co.,* 544 So.2d 1049, 1050 (Fla. 4th DCA 1989). As the prevailing party who obtained an indemnity settlement against its insurer, Plaintiffs' fees are recoverable at this time.

## CALCULATION OF ATTORNEY'S FEES

In determining the amount of attorney's fees to be awarded, this Court must apply the substantive law of Florida construing Fla. Stat. §627.428 and fee awards in contingent cases generally. *Zunde v. Int'l Paper Co.,* No. 3:98-CV-439-J-20B, 2000 WL 1763843, *1 (M.D. Fla. July 20, 2000); *FIGA v. R.V.M.P. Corp.,* 681 F. Supp. 806, 807 (S.D. Fla. 1988). Plaintiffs prevailed against Defendant by obtaining a settlement in their favor, and Defendant stipulated to Plaintiffs' entitlement to reasonable attorney's fees and costs upon completion of mediation. Accordingly, Plaintiffs are entitled to recover their reasonable attorney's fees and costs.

### A.      *Determination of the Lodestar*

Florida has adopted the federal lodestar approach as the starting point in calculating an award of attorney's fees. *Bell v. U.S.B. Acquisition Co., Inc.,* 734 So. 2d 403, 406-407 (Fla. 1999) (discussing *Florida Patient's Comp. Fund v. Rowe,* 472 So. 2d 1145, 1150 (Fla. 1985)). The criteria set forth in Rule 4-1.5(b) of the Rules Regulating the Florida Bar should be utilized in determining reasonable attorney's fees. *Rowe,* 472 So. 2d at 1150. The factors are:

(1) The time and labor required, the novelty and difficulty of the question involved, and the skill requisite to perform the legal service properly.

(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.

(3) The fee customarily charged in the locality for similar legal services.

(4) The amount involved and the results obtained.

(5) The time limitations imposed by the client or by the circumstances.

(6) The nature and length of the professional relationship with the client.

(7) The experience, reputation, and ability of the lawyer or lawyers performing the services.

(8) Whether the fee is fixed or contingent.

*Id*.

This Court should consider the first factor – "time and labor required" and the "novelty, complexity, and difficulty of the questions involved" – in determining "the number of hours reasonably expended in the litigation." *Bell.* 734 So. 2d at 406-7. The court should then determine, by examining the factors laid out in Rule 4-1.5(b), a reasonable hourly rate for each attorney claiming a fee, then multiply the rate by the hours each attorney reasonably spent in the litigation,

the final aggregate of which is the lodestar amount. *Rowe,* 472 So. 2d at 1151. The resulting fee carries a "strong presumption" that it is reasonable. *Blum v. Stenson,* 465 U.S. 886, 897 (1984).

### B.   *Reasonable Hourly Rates*

The starting point in any determination of the value of an attorney's services is to multiply hours reasonably expended by a reasonable hourly rate. *Norman v. Housing Authority of the City of Montgomery,* 836 F.2d 1292, 1299 (11th Cir. 1988) (*citing Hensley v. Eckerhart,* 461 U.S. 424 (1983)). A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. *Norman,* at 1299, citing *Blum,* at 897. Evidence of rates may be adduced through direct evidence of charges by lawyers under similar circumstances or by opinion evidence. *Norman* at 1922; *Resolution Trust Corp. v. Hallmark Builders, Inc.,* 143 F.R.D. 277, 282 (M.D. Fla. 1992).

To aid the Court in determining the hours reasonably expended in this litigation, Plaintiffs are attaching copies of the detailed time records of its counsel for this matter. *See* Plaintiffs' fee records attached as Exhibit A. The time records for Plaintiffs' counsel describe the tasks undertaken and are broken down by billing lawyer and hourly rates. *See R.V.M.P. Corp.* at 808 (holding that the Florida Supreme Court requires the moving party to submit accurate time records). A copy of the fee agreement between Plaintiffs and their counsel, Insurance Litigation Group, P.A., is attached as Exhibit B.

Insurance Litigation Group, P.A. ("ILG") is a North Miami Beach-based law firm that specializes exclusively in insurance disputes. Attorney Asher Perlin, Esq. was additionally retained as Plaintiffs' co-counsel. Mr. Perlin has thirty years of litigation experience that has been devoted to business, finance, real estate, appellate, and insurance litigation. The scope of Mr. Perlin's representation focused on reviewing the pleadings, reviewing this Court's Orders, researching

applicable law, leading federal litigation, supervising and ensuring compliance with discovery, and ultimately ensuring the successful progression of this matter. Mr. Perlin charged an hourly rate of $575.00.[1] A copy of Mr. Perlin's Declaration in support of this Motion is attached as Exhibit C.

Kevin Hirsh, Esq. is an associate at ILG with just over six years of litigation experience. Prior to joining ILG, Mr. Hirsh represented insurance carriers in first-party property disputes for three years. Mr. Hirsh has been employed with ILG since November 2020 and has focused exclusively on insurance disputes. Mr. Hirsh handled the day-to-day matters in this case, including the leading of conversations with Plaintiffs, conducting research on applicable legal issues, leading settlement negotiations, finalizing strategy in relation to the retention of experts, and conducting all depositions. Mr. Hirsh was additionally responsible for the negotiation of the indemnity settlement reached at mediation. Mr. Hirsh charged an hourly rate of $450.00. A copy of Mr. Hirsh's Affidavit in support of this Motion is attached as Exhibit D.

The hourly rates charged by ILG are reasonable. A reasonable rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skill, experience, and reputation. *Norman v. Housing Authority of the City of Montgomery,* 836 F. 2d 1292, 1299 (11th Cir. 1988). In determining the prevailing market rate, the Court should consider several factors, including "the attorney's customary fee, the skill requires to perform legal services, the attorney's experience, reputation and ability, the time constraints involved, preclusion of other employment, contingency, the undesirability of the case, the attorney's relationship to the client, and awards in similar cases." *Crespo Rivero v. Carolina Godoy,* 18-23087-CIV, 2019 WL

---

[1] Associates Anya Francis, Esq., Kimesha Smith, Esq., Nicole Shacket, Esq., Enrique Pineiro, Esq., and Yisroel Silverman, Esq. billed small amounts of time on this matter. Ms. Francis has approximately three years of experience in insurance law. Ms. Smith has approximately seven years of litigation experience, and Ms. Shacket has over eleven years of experience, where her practice has focused on first-party property litigation and civil litigation, including foreclosure and bankruptcy. Mr. Silverman has four years of experience in insurance law, and Mr. Pineiro has about two years of litigation experience. Ms. Smith and Ms. Shacket billed at $450.00 an hour, while the remaining associates billed at $375.00 an hour.

1178472, at *3 (S.D. Fla. Feb. 26, 2019) (*citing Mallory v. Harkness,* 923 F. Supp. 1546, 1555 (S.D. Fla. 1996). "The court…is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees." *Id.; Parrot, Inc. v. Nicestuff Distrib. Int'l,* No. 06-61231-CIV, 2010 WL 680948, at *12 (S.D. Fla. Feb. 24, 2010) (finding reasonable hourly rates in the Miami market for 2009 – over ten years ago – as follows: $500 for a partner with twenty years of experience, $335 an hour for a sixth-year associate, and $270 for a fourth-year associate); *see also* Affidavit of Russel Lazega, Esq. attached as Exhibit E which provides comparable fee awards for the Court's consideration.

The hours claimed, together with current rates, are as follows:

|  | Hours | Rate | Amount |
|---|---|---|---|
| **Attorneys:** |  |  |  |
| Asher Perlin | 19.7 | $575.00 | $11,327.50 |
| Kevin Hirsh | 45.75 | $450.00 | $20,587.50 |
| Anya Francis | 1.9 | $375.00 | $712.50 |
| Kimesha Smith | 0.5 | $450.00 | $225.00 |
| Nicole Shacket | 0.2 | $450.00 | $90.00 |
| Yisroel Silverman | 1.55 | $375.00 | $581.25 |
| Enrique Pineiro | 3.0 | $375.00 | $1,125.00 |
| Lourna Rosembert-Joseph | 2.0 | $375.00 | $750.00 |
|  |  |  |  |
| **Total for Attorneys:** | 74.6 |  | $35,098.25 |

| **Paralegals:** | | | |
|---|---|---|---|
| Sydel Highfield | 1.6 | $175.00 | $280.00 |
| Leidy Lopez | 0.5 | $175.00 | $87.50 |
| Sabrina Antonelli | 4.8 | $175.00 | $840.00 |
| Barbara Moss | 6.3 | $175.00 | $1,102.50 |
| Monique Williams | 9.7 | $175.00 | $1,697.50 |
| Eva Hernandez | 0.1 | $175.00 | $17.50 |
| Ana Carolina Sanchez | 1.0 | $175.00 | $175.00 |
| | | | |
| **Total for Paralegals:** | 24.0 | | $4,200.00 |
| | | | |
| **TOTAL FEES:** | | | $39,298.25 |

### C.   *The Hours Reasonably Expended*

The next step in the computation of the lodestar is ascertaining reasonable hours. *Norman*, 836 F. 2d at 1301 (*citing Hensley*). Excessive, redundant or otherwise unnecessary hours should be excluded from the amount claimed. *Id.* The affidavit from Russel Lazega in support of this Motion attests that original time records were reviewed and improper time was removed. In making these deletions, Plaintiffs erred on the side of caution, even though they may well have successfully argued that some or all of this time should have been retained under the analysis set forth in *R.V.M.P. Corp.,* 681 F.Supp. at 809. (Court awarded fees relating to time expended in connection with voluntarily dismissed counterclaims, as the investigation of these claims enabled the defendant to discover "evidence that would help him in the breach of contract claim").

Plaintiffs submit that the hours expended in this litigation and the fees charged by their counsel are reasonable given the nature of the case and the level of skill and experience of their counsel.

The total number of hours expended in this case are 98.6 and the total fees incurred equal $39,298.25. Accordingly, the time records accurately reflect the time that was reasonably expended in order to adequately represent Plaintiffs' interestsin this matter. Plaintiffs therefore request that this Court determine the lodestar amount to be $39,298.25.

### D.    *The Results Achieved*

Plaintiffs prevailed against Defendant in a complex insurance case about eighteen months after this case was removed to federal court. The amount of time spent litigating this matter was not excessive and was efficiently performed. This Court should award Plaintiffs $39,298.25 in attorney's fees it incurred as a result of Defendant's refusal to provide benefits in full under the subject policy.

### **PLAINTIFFS SHOULD BE AWARDED TAXABLE COSTS**

Undersigned counsel verifies that the charges itemized in Plaintiffs' costs invoices attached as Exhibit F were necessarily incurred in the prosecution of this claim. The costs as outlined in Exhibit E and Exhibit F are taxable pursuant to Fla. Stat. §§627.428, 57.104, and 57.041. Plaintiffs are entitled to an award of reasonable costs in this matter. Taxing of costs is within the sound discretion of the Court and costs may be taxed if a prevailing party can demonstrate the cost was reasonably necessary. *Willey v. Fidelity & Deposit Co. of Maryland*, 616 So. 2d 1140 (Fla. 4th DCA 1993); *Tremack Co. v. Federal Ins. Co.*, 600 So. 2d 38 (Fla. 3d DCA 1992); *Orlando Regional Med. Ctr. v. Chmielewski*, 573 So. 2d 876 (Fla. 5th DCA 1990); *Otis Elevator v. Bryan*, 489 So. 2d 1189 (Fla. 1st DCA 1986); *Winn Dixie v. Vote*, 463 So. 2d 459 (Fla. 1d DCA 1985); *Schumacher v. Wellman*, 415 So. 2d 120 (Fla. 4th DCA 1982); *State Farm v. Sanpaio*, 374 So. 2d

617 (Fla. 4th DCA 1979); *Miller Yacht Sales, Inc. v. Scott*, 311 So. 2d 762 (Fla. 4th DCA 1975), *cert den*. 328 So. 2d 343 (Fla. 1976); Statewide Uniform Guidelines for Taxation of Costs in Civil Actions. Accordingly, the Court should enter an Order awarding said costs in the amount of $7,762.68.

## CONCLUSION

Plaintiffs respectfully request that this Court enter an Order determining that it is entitled to a lodestar amount of $39,298.25 in attorney's fees, an award of $7,762.68 in taxable costs, and any further relief that this Court deems equitable and proper.

## CERTIFICATE OF SERVICE

I CERTIFY that the foregoing document is being electronically served on October 7, 2022 to: Patricia A. McLean, Esq., and Chancey O. Smith, Esq., PHELPS DUNBAR LLP, (patricia.mclean@phelps.com, betsy.algarin@phelps.com, chancey.smith@phelps.com).

INSURANCE LITIGATION GROUP, P.A.
Attorney for Plaintiffs
1500 NE 162nd Street
Miami, Florida 33162
Telephone:   (786) 529-0090
Facsimile:    (866) 239-9520
E-Mail:         service@ilgpa.com

By:   /s/ Kevin Hirsh
        KEVIN HIRSH, Esq.
        FL Bar No. 123565