UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 21-cv-20687-JLK/Becerra

LEONARDO HERNANDEZ and
ANA PATRICIA HERNANDEZ,

    Plaintiffs,

v.

SCOTTSDALE INSURANCE
COMPANY,

    Defendant.
_____/

**REPORT AND RECOMMENDATION ON PLAINTIFFS' AMENDED MOTION
TO DETERMINE AMOUNT OF ATTORNEYS' FEES AND COSTS**

**THIS CAUSE** came before the Court on Plaintiffs Leonardo Hernandez and Ana Patricia Hernandez's Amended Motion to Determine Amount of Attorneys' Fees and Costs (the "Motion").[1] ECF No. [13]. Defendant Scottsdale Insurance Company filed a Response to the Motion, and Plaintiff filed a Reply. ECF Nos. [19], [22]. After a review of the instant Motion, the pertinent portions of the record, and the relevant authorities, and for the reasons stated below, it is hereby **RECOMMENDED** that Plaintiff's Motion for Attorneys' Fees be **GRANTED IN PART AND DENIED IN PART**. Defendant should be awarded **$30,872.63** in attorneys' fees and **$411.00** in costs.

**I.**     **BACKGROUND**

In January 2021, Plaintiffs filed this action for breach of an insurance contract, alleging

---

[1] The Honorable James Lawrence King, United States District Judge, referred the instant Motion to the undersigned. ECF No. [14].

1

that Defendant failed to fully indemnify Plaintiffs for damage to their home caused by a plumbing failure. ECF No. [1-1]. Plaintiffs sought to recover the full amount of their loss, as well as reasonable attorneys' fees and costs pursuant to Florida Statutes § 627.428. *Id*. In February 2021, Defendant timely removed the action to this Court. ECF No. [1]. The parties engaged in discovery and exchanged expert reports. ECF No. [9]. On July 28, 2022, the parties reached a settlement of Plaintiffs' indemnity claim. ECF No. [23]. As part of the settlement agreement, Defendant stipulated to Plaintiffs' entitlement to reasonable attorneys' fees and costs, but the parties could not agree on the amount. ECF No. [13] at 1. The instant motion followed. ECF No. [13].

Plaintiffs seek attorneys' fees totaling $39,298.25, comprised of $35,098.25 in fees generated by eight (8) attorneys who collectively expended 74.6 hours and $4,200.00 in fees generated by seven (7) paralegals who collectively expended 24.0 hours. *Id.* at 6-7. The attorneys billed at hourly rates ranging between $375.00-$575.00, and the paralegals billed at an hourly rate of $175.00. *Id*. Plaintiffs also seek costs totaling $7,762.68. *Id*. at 8-9. These costs are comprised of: (i) $401.00 in filing fees, (ii) $10.00 for issuance of a Summons, (iii) $6,268.68 in expert witness fees, (iv) $83.00 in court reporter fees for cancellation of a deposition, and (v) $1,000.00 representing Plaintiff's share of the mediator's fee. ECF Nos. [13] at 9, [13-5] at 55-56. Although Plaintiffs attach supporting invoices reflecting these costs, ECF No. [13-6], they provide no further explanation as to the basis of these costs and why they are reasonable.

Defendant filed a Response challenging the reasonableness of the hourly rates and number of hours expended by the attorneys and paralegals at issue, as well as the reasonableness of certain costs that Plaintiffs request. ECF No. [19]. Specifically, Defendant argues that the hourly rates of the associates are excessive given their level of experience and/or contribution to the case, and that the appropriate hourly rates should range from $200.00-$325.00. *Id*. at 4-8. Defendant further

argues that the hourly rates sought for paralegals are unreasonable and should be reduced to $175.00 per hour. *Id*. at 3. Defendant also argues that the number of hours expended by the attorneys and paralegals should be reduced to exclude time entries that: (i) constitute block billing or lack a sufficient explanation of the work performed, (ii) reflect time spent by an attorney prior to his/her admission to the Florida Bar, (iii) reflect time spent on interoffice communications, (iv) reflect time spent on tasks that are clerical or administrative in nature, or (v) are excessive, unnecessary or duplicative. *Id*. at 9-16.

With respect to costs, Defendant concedes that the filing fee and Summons issuance fee are recoverable. *Id*. at 17. However, Defendant asserts that expert witness fees and mediation fees do not constitute taxable costs under 28 U.S.C. § 1920 and, therefore, are not recoverable. *Id*. at 17-18. Plaintiffs appear to concede this argument as they did not offer any response in their Reply. Finally, Defendant argues that the court reporter's cancellation fee is not recoverable because the supporting invoice reflects that Plaintiffs' counsel agreed to bear this cost, and Plaintiffs' counsel represented the witness who became unavailable. *Id*. at 19. Again, Plaintiffs provided no response to this argument in their Reply.

## II.     ANALYSIS

Defendant stipulated that Plaintiffs are entitled to recover their reasonable attorneys' fees and costs. Therefore, the only issue before the Court is the amount to be awarded.

### A. Attorneys' Fees

The Eleventh Circuit has adopted the lodestar method to determine the reasonableness of an award of attorneys' fees. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). To determine a lodestar amount, a court must ascertain a reasonable hourly rate and multiply it by the number of hours an attorney reasonably expended on the litigation. *Id.*; *Caplan*

*v. All Am. Auto Collision, Inc.*, 36 F.4th 1083, 1089 (11th Cir. 2022) (citing *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Where the time or fees claimed appear excessive, or there is a lack of support for the fees claimed, "the court may make the award on its own experience." *Norman*, 836 F.2d at 1303. The burden of establishing that the request for attorneys' fees is reasonable rests with the applicant, who must submit evidence regarding the number of hours expended and the hourly rate claimed. *Id*. Evidence in support of the applicant's request requires "sufficient particularity so that the district court can assess the time claimed for each activity." *Id*. The party seeking attorneys' fees must supply the Court with "'specific and detailed evidence' in an organized fashion." *Machado v. Da Vittorio, LLC*, No. 1:09-cv-23069, 2010 WL 2949618, at *1 (S.D. Fla. July 26, 2010) (quoting *Norman*, 836 F.2d at 1303).

A "reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299. In evaluating the reasonableness of a fee request, the Court may consider its own knowledge and expertise to determine a reasonable hourly rate. *Id*. at 1303. The Eleventh Circuit has repeatedly recognized that the district court "is itself an expert on the question [of reasonable hourly rates in the local market] …and may form an independent judgment either with or without the aid of witnesses as to value." *Maner v. Linkan LLC*, 602 Fed. App'x 489, 493 (11th Cir. 2015) (citing *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)).

1. **The Hourly Rate**

Plaintiffs seek to recover attorneys' fees for eight (8) attorneys. The attorneys at issue, their years of experience, and the requested hourly rates are as follows:

| ATTORNEY | EXPERIENCE | HOURLY RATE SOUGHT |
|---|---|---|
| Asher Perlin | 30 years (Partner) | $575.00 |

4

| Nicole Shacket | 11 years | $450.00 |
| --- | --- | --- |
| Kevin Hirsh | 5 years | $450.00 |
| Kimesha Smith | 5 years | $450.00 |
| Yisroel Silverman | 3 years | $375.00 |
| Anya Francis | 2 years | $375.00 |
| Enrique Pinero | 1 year | $375.00 |
| Lourna Rosembert-Joseph | No information provided | $375.00 |

ECF No. [13] at 6. Defendant does not dispute that an hourly rate of $575.00 is reasonable for Mr. Perlin. As such, the Court will award Mr. Perlin the requested hourly rate of $575.00.

Based on the Court's review of Ms. Shacket, Mr. Hirsch and Ms. Smith's experience, the Court finds that the requested rate is not reasonable. Given the Court's experience and its own review of reasonable rates in this District for mid-level associates, the undersigned finds that a reasonable hourly rate for these associates is $350.00.[2] *See e.g., Newman v. Eduardo Meloni, P.A.*, No. 0:20-cv-60027, 2020 WL 5269442, at *2 (S.D. Fla. Sept. 4, 2020) (finding hourly rate of $350 reasonable for an associate with "over five years of experience" because such rates "are within the range of reasonableness for this District").

Based on the Court's review of Ms. Francis, Ms. Silverman and Mr. Pinero's experience, the Court finds that the requested rate is not reasonable. Given the Court's experience and its own review of reasonable rates in this District, the undersigned finds that a reasonable hourly rate for these junior-level associates is $250.00. *See e.g., Lopez v. Scottsdale Ins..*, No. 20-cv-20112, 2022,

---

[2] The undersigned recognizes that Ms. Shacket is a senior associate given her level of experience. However, in light of the fact that she devoted only 0.2 hours to this case, she is more appropriately billed at a mid-level associate rate.

5

at *5 (S.D. Fla. May 26, 2022), report and recommendation adopted, No. 20-cv-20112, 2022 WL 2116561 (S.D. Fla. June 13, 2022) (hourly rate of $250.00 reasonable for associates with less than three years' experience).

As for Ms. Rosembert-Joseph, Plaintiffs did not provide any information regarding her level of experience. According to Defendants, Ms. Rosembert-Joseph performed work in 2021 before she was admitted to the Florida Bar, and thereafter within her first six months of practice. ECF No. [19] at 8. Plaintiffs do not dispute these facts in their Reply. Defendant asserts that the Court should not award any fees for the work Ms. Rosembert-Joseph performed while a non-admitted attorney, and should award an hourly rate of $200.00 for the work she performed once barred. *Id*. Defendant does not provide legal authority to support its argument that fees should be denied outright for work an attorney performed prior to admission to the Bar. Indeed, other courts in this District have adopted a contrary approach. *See e.g., Venus Concept USA Inc. v. Smith High Inc.*, No. 21-cv-21558, 2022 WL 7609495, at *4 (S.D. Fla. Sept. 28, 2022), *report and recommendation adopted*, *Venus Concept USA Inc.*, 2022 WL 7514591 (S.D. Fla. Oct. 13, 2022) (awarding hourly rate of $150.00 for an attorney who performed work while not licensed in Florida, but who was admitted in two other jurisdictions). The undersigned finds that given Ms. Rosembert-Joseph's limited experience and her status as a non-admitted attorney during a portion of the relevant time period, a reasonable hourly rate for the work that Ms. Rosembert-Joseph performed is $150.00.

Similarly, Plaintiffs did not provide any information regarding the experience of the paralegals who worked on this matter. As such, Defendant argues that the $175.00 hourly rate sought is unreasonable, and a more appropriate hourly rate is $120.00, which is the paralegal rate that defense counsel charged to Defendant. ECF No. [19] at 3-4. The undersigned has considered

the range of paralegal rates typically awarded in this District, and finds that $125.00 is a reasonable hourly rate for the seven (7) paralegals at issue, particularly given the lack of information regarding their qualifications. *See Purcella v. Mercantile Adjustment Bureau, LLC*, No. 18-cv-61268, 2019 WL 6462550 at *6 (S.D. Fla. Nov. 13, 2019) (finding $125.00 is a reasonable hourly rate for paralegal), *report and recommendation adopted*, No. 18-cv-61268, 2019 WL 6608900 (S.D. Fla. Dec. 5, 2019); *Corson v. Gregory Charles Interiors, LLC*, No. 9:19-cv-81445, 2020 WL 6323863, at *5 (S.D. Fla. Aug. 7, 2020) (reducing the hourly rate for a paralegal from $200.00 to $135.00 per hour), *report and recommendation adopted*, Paperless Order adopting Report and Recommendation, *Corson v. Gregory Charles Interiors, LLC*, No. 9:19-cv-81445 (S.D. Fla. Aug. 24, 2020), ECF No. [15].

### 2. The Amount of Hours Billed

The next step in the computation of the lodestar is a determination of reasonable hours expended on the litigation. A fee applicant must set out the general subject matter of the time expended by the attorney "with sufficient particularity so that the court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 n.12 (1983)). A fee applicant must exercise billing judgment by excluding "excessive, redundant or otherwise unnecessary [hours]." *Hensley*, 461 U.S. at 434. Where a fee applicant does not exercise billing judgment, "courts are obligated to do it for them." *ACLU of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999). Thus, when a request for attorneys' fees is unreasonably high, the court "may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008).

Further, "fee documentation can be so voluminous as to render an hour-by-hour review impractical" such that "an across-the-board cut may be appropriate, as long as [the] court

articulates its reasons for selecting specific percentage reductions." *Hepsen v. J.C. Christensen and Assoc., Inc.*, 394 F. App'x 597, 600 (11th Cir. 2010) (quoting *Loranger v. Stierheim,* 10 F.3d 776, 781 (11th Cir.1994)). "In the final analysis, exclusions for excessive or unnecessary work on given tasks must be left to the discretion of the district court." *Id*.

Here, the amount of time that Plaintiffs' counsel expended on this action is as follows:

| ATTORNEY | HOURS | PARALEGAL | HOURS |
|---|---|---|---|
| Asher Perlin | 19.7 | Sydel Highfield | 1.6 |
| Nicole Shacket | 0.2 | Leidy Lopez | 0.5 |
| Kevin Hirsh | 45.75 | Sabrina Antonelli | 4.8 |
| Kimesha Smith | 0.5 | Barbara Moss | 6.3 |
| Yisroel Silverman | 1.55 | Monique Williams | 9.7 |
| Anya Francis | 1.9 | Eva Hernandez | 0.1 |
| Enrique Pinero | 3.0 | Ana Carolina Sanchez | 1.0 |
| Lourna Rosembert-Joseph | 2.0 | | |

ECF No. [13] at 6-7. Defendant argues that the requested number of hours should be reduced because certain time entries constitute block billing or lack a sufficient explanation of the work performed. ECF No. [19] at 10-13. Defendant also argues that time spent on interoffice communications should be excluded, as should work that was clerical or administrative in nature. *Id*. at 13-14. Defendant further contends that certain work was excessive, unnecessary or duplicative, and thus is not compensable. *Id*. at 14-16.

The undersigned has carefully reviewed the time entries of each of the attorneys and paralegals at issue. ECF Nos. [13-3]. As to the block billing, although a few entries do reflect

blocked time entries, the Court can determine from the description provided that the requested time is otherwise compensable. As such, the Court will decline to reduce the fee award on that basis. However, various entries do reflect time spent on tasks that are clearly clerical, and therefore, not compensable. For example, most of Ms. Williams' entries are for time spent confirming or requesting the availability of parties, counsel, or experts. This is not compensable. *See Pelc v. Nowak*, 596 F. App'x 768, 770 (11th Cir. 2015) (holding that district court properly "disallowed recovery for the time spent by the paralegal on clerical work."). Similarly, several entries of Mr. Hirsh reflect time spent on scheduling matters. Again, this time is not compensable. *See Martin v. Italian Cabinetry, Inc.*, No. 18-cv-24958, 2019 WL 3429919, at *3 (S.D. Fla. June 6, 2019), *report and recommendation adopted*, No. 18-cv-24958, 2019 WL 3425942, at *1 (S.D. Fla. June 24, 2019) ("Clerical or secretarial tasks that require no skill or training such as scheduling … should not be billed at an attorney's rate, as they are simple administrative tasks that can easily be completed by a full-time secretary." (quotation marks and citations omitted).

There are also various entries for which the description is not sufficiently detailed. For example, several of Mr. Hirsh's time entries are for "comprehensive file review" to prepare for various depositions. However, this generalized statement does not adequately describe the tasks that he performed. The same is true for Mr. Perlin, for whom two entries include time spent "review[ing] file." These vague descriptions make it difficult for the Court to conclude that all of the time was reasonable.

Although these deficiencies affect only a small fraction of the total number of hours expended, they still warrant a reduction. Given the voluminous nature of the fee documentation, the undersigned elects to utilize an across-the-board reduction and finds that, based upon a

comprehensive review of the time entries as a whole, a five (5) percent reduction in the total amount of attorneys' fees is warranted.

Based upon the reduced hourly rates set forth above and the number of hours expended, the attorneys' fees incurred total $32,497.50. However, after applying a five percent reduction, which equals $1,624.87, the undersigned concludes that the total amount of reasonable attorneys' fees to be awarded is **$30,872.63**.

### B. Costs

Title 28, United States Code, Section 1920 "defines the term costs as used in [Federal Rule of Civil Procedure] 54(d) and enumerates expenses that a federal court may tax as costs under the discretionary authority found in Rule 54(d)." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 437 (1987) (quotations omitted). The specific costs which may be awarded are as follows:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

As mentioned, Plaintiffs seek the following costs: $401.00 in filing fees, (ii) $10.00 for issuance of a Summons, (iii) $6,268.68 in expert witness fees, (iv) $83.00 in court reporter fees for cancellation of a deposition, and (iv) $1,000.00 representing Plaintiff's share of the mediator's fee. ECF Nos. [13] at 9, [13-5] at 55-56. There is no dispute that Plaintiffs are entitled to the filing fee and Summons issuance fee pursuant to § 1920(1). *See* ECF No. [19] at 17; *Williams v. R.W.*

*Cannon, Inc.*, 657 F. Supp. 2d 1302, 1315–16 (S.D. Fla. 2009) (noting that filing fees and service of process costs are recoverable under 28 U.S.C. § 1920).

As for the expert witness fees, Defendant correctly argues that this cost is not recoverable under Section 1920, as Plaintiffs' expert was not appointed by the Court. *See Padurjan v. Aventura Limousine & Transp. Serv., Inc.*, 441 F. App'x 684, 686 (11th Cir. 2011) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437 (1987)) (fees incurred by independently retained expert witness not compensable under Section 1920); *Qatar Shipping Co., Q.S.C. v. Totalmar Navigation Corp*. No. 06-cv-20541, 2008 WL 11407231, at *1 (S.D. Fla. Feb. 12, 2008) ("[B]ecause the Court did not appoint the forensic computer expert selected by Plaintiff Qatar, such expert fees are not recoverable under 28 U.S.C. Section 1920(6)."). Notably, Plaintiffs make no argument to the contrary.

Defendant also correctly argues that the court reporter's cancellation fee is not recoverable because, among other reasons, Plaintiffs' counsel agreed to bear that cost. The invoice that Plaintiffs submitted specifically states that "[p]er Ms. Smith's email on 2/16/22, your office is being billed for this invoice." ECF No. [13-6] at 11. Ms. Smith's email in turn states that "This deposition is being cancelled because the witness is unable to appear … Attorney Kevin Hirsch at ILGPA has agreed to pay your invoice for our late cancellation." *Id*. In light of this agreement, there is no basis to shift responsibility for the cancellation fee to Defendant.

Finally, Defendant asserts that Plaintiff's share of the mediation fee is not recoverable. The undersigned agrees, as such costs are not delineated in Section 1920. *See Mena v. Arthur Dairy, LLC*, No. 08-cv-22585, 2009 WL 10707841 (S.D. Fla. July 31, 2009) (declining to award mediation fees under § 1920 because the court may only "tax costs as authorized by statute" and

the moving party "has not provided any authority supporting its position").  Again, Plaintiffs fail to rebut this argument in their Reply.

For these reasons, the undersigned finds that Plaintiffs have incurred reasonable costs totaling **$411.00**, which is comprised of the filing fee and Summons fee.

### III.    CONCLUSION

Based on the foregoing, it is hereby **RECOMMENDED** that Plaintiffs' Amended Motion to Determine Amount of Attorneys' Fees and Costs, ECF No. [13], be **GRANTED IN PART AND DENIED IN PART**. Plaintiffs should be awarded $30,872.63 in attorneys' fees and $411.00 in costs.

### IV.    OBJECTIONS

The Parties have **FOURTEEN (14)** days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge.  Failure to timely file objections shall bar the Parties from *de novo* determination by the District Judge of any factual or legal issue covered in the report and shall bar the Parties from challenging on appeal the District Judge's Order based on any factual or legal conclusions included in this Report and Recommendation to which the Parties failed to object.  28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1; *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**DONE AND SUBMITTED** in Chambers in Miami, Florida on August 28, 2023.

_____
**JACQUELINE BECERRA**
**United States Magistrate Judge**